**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| **JOHNNY LANE** | § | |
| *Plaintiff,* | § | |
| | § | |
| **vs.** | § | **Cause No. 2:24-cv-00018** |
| | § | |
| | § | |
| **DOLGENCORP OF TEXAS, INC.** | § | |
| *Defendant.* | § | |

**DEFENDANT'S**
**NOTICE OF REMOVAL**

TO:    The Honorable United States District Court for the Southern District of Texas, Corpus

Christi Division:

Defendant, Dolgencorp of Texas, Inc. (hereafter, "*Defendant*"), files this notice of removal

under 28 U.S.C. §1446(a) to the United States District Court for the Southern District of Texas,

Corpus Christi Division, and would respectfully show:

A. Introduction

1.    On October 25, 2023, Plaintiff, Johnny Lane, (hereafter, the "*Plaintiff*"), sued the above-

named Defendant in the 229th Judicial District Court of Duval County, Texas. *See* Exhibits "2"

and "3".  In his suit styled *Johnny Lane v. Dolgencorp of Texas, Inc.*, Cause No. DC-23-145,

Plaintiff alleges that he is entitled to damages due to a claimed slip and fall in premises allegedly

owned and operated by Defendant occurring on or about April 3, 2022. *See* Exhibit "3".

2.    Defendant was served with the Plaintiff's Original Petition (hereafter, the "*Original

Petition*") on January 16, 2024, by process server. *See* Exhibit "4". Defendant answered the

Original Petition on January 18, 2024. *See* Exhibit "5". Defendant files this notice of removal

within the 30-day time period required by 28 U.S.C. §1446(b). *Bd. of Regents of Univ. of Tex. Sys.*

*Defendant Dolgencorp of Texas, Inc.'s Notice of Removal*

*v. Nippon Tel. & Tel. Corp.*, 478 F.3d 274, 278 (5th Cir. 2007).

<u>B. Basis for Removal</u>

3.      Removal is proper because there is complete diversity between the parties. 28 U.S.C. §1332(a); *Johnson v. Columbia Props. Anchorage, L.P.*, 437 F.3d 894, 899-900 (9th Cir. 2006).

4.      According to the Original Petition, Plaintiff alleges that he is a resident of Duval County, Texas, and appears to have been a resident of Texas at the time of commencement of this action. *See* Exhibit 3, Paragraphs 1 and 2.

5.      Named Defendant, Dolgencorp of Texas, Inc., is incorporated and organized under the laws of the State of Kentucky and maintains its principal place of business in the State of Tennessee. Defendant maintained its headquarters and principal place of business in the State of Tennessee at the time this action was commenced. Thus, there is complete diversity of citizenship between Plaintiff and all Defendants.

9.      Thus, there is complete diversity of citizenship.

10.     Additionally, the amount in controversy exceeds $75,000, excluding interest and costs. 28 U.S.C. §1332(a); *Andrews v. E.I. du Pont de Nemours & Co.*, 447 F.3d 510, 514-15 (7th Cir. 2006). Plaintiff pleads for damages of "OVER TWO-HUNDRED THOUSAND AND 00/100 DOLLARS ($200,000) BUT LESS THAN ONE MILLION AND 00/100 [sic.] ($1,000,000)." *See* Exhibit 3, Paragraph 15.

11.     Plaintiff seeks recovery for past and future medical care, past and future mental anguish. *See* Exhibit 3.

12.      Because this action is wholly between citizens of different states, and because the matter in controversy exceeds the sum or value of $75,000.00 exclusive of interest and costs, this Court has original jurisdiction over this cause pursuant to 28 U.S.C. § 1332(a)(1).

*Defendant Dolgencorp of Texas, Inc.'s Notice of Removal*

13.     Copies of all pleadings, process, orders, and other filings in the state court suit, as well as a list of counsel of record, are attached to this notice as required by 28 U.S.C. §1446(a).  *See* Exhibits "1" through "6".

14.     Venue is proper in this district under 28 U.S.C. §1441(a) because the state court where the suit has been pending is located in this district.

15.      Defendant will promptly file a copy of this Notice of Removal with the clerk of the state court where the suit has been pending.

C. Jury Demand

16.     Defendant demands a trial by jury.

D. Conclusion

17.     Removal of this action is proper under 28 U.S.C. § 1441, since it is a civil action brought in state court over which this Court has original jurisdiction under 28 U.S.C. § 1332 because Plaintiff and Defendant are diverse in citizenship.

18.     For these reasons, Defendant Dolgencorp of Texas, Inc. asks the court to remove the suit to the United States District Court for the Southern District of Texas, Corpus Christi Division.

Respectfully submitted,

**DORSETT JOHNSON & CISNEROS**

By: *Adrienne Stonecypher*
C. Robert Dorsett, Jr.
Attorney-in-Charge
Federal Bar No. 626099
State Bar No. 24029524
Jessica A. Putonti
State Bar No.  24041295
Adrienne Stonecypher
State Bar No. 24106469
3503 Wild Cherry Dr., Bldg. 6
Austin, Texas 78738
Telephone:     (512) 600-4365

*Defendant Dolgencorp of Texas, Inc.'s Notice of Removal*

Facsimile:      (512) 266-3655
E-mail: eservice@dorsettjohnson.com
**ATTORNEYS FOR DEFENDANT**
**DOLGENCORP OF TEXAS, INC.**

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that I am a member of the firm of Dorsett Johnson & Cisneros, attorneys for the Defendant Dolgencorp of Texas, Inc. herein, and that I have provided a copy of the foregoing to all counsel of record as reflected below this 19th day of January 2024.

Jeramie Gertz
Herrman & Herrman, PLLC
The Herrman Building
1201 Third Street
Corpus Christi, Texas 78404
Litigation@herrmanandherrman.com
**ATTORNEYS FOR PLAINTIFF**

Adrienne A. Stonecypher

# EXHIBIT "1"

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| **JOHNNY LANE** | § | |
| *Plaintiff,* | § | |
| | § | |
| **vs.** | § | **Cause No. _____** |
| | § | |
| | § | |
| **DOLGENCORP OF TEXAS, INC.** | § | |
| *Defendant.* | § | |

**INDEX OF DOCUMENTS FILED**

As required under Local Rule 81, the following is a list of the documents being filed with

the Defendant Dolgencorp of Texas, Inc. ("*Defendant*") Notice of Removal in this action:

| Exhibit | Description |
|---|---|
| 1. | Index of Documents Filed |
| 2. | Docket Sheet for Cause No. DC-23-145, *Johnny Lane v. Dolgencorp of Texas, Inc.*; in the 229th Judicial District Court of Duval County, Texas |
| 3. | Plaintiff's Original Petition, filed October 25, 2023 |
| 4. | Executed Citation for Defendant |
| 5. | Defendant Dolgencorp of Texas, Inc.'s Original Answer, filed January 18, 2024 |
| 6. | List of Counsel of Record |

# EXHIBIT "2"

re:SearchTX - JOHNNY LANE VS. DOLGENCORP OF TEXAS, INC DC-23-145

https://research.txcourts.gov/CourtRecordsSearch/ViewCasePrint/096528110a625c56b45bdeca23ab90aa

## Case Information

# JOHNNY LANE VS. DOLGENCORP OF TEXAS, INC

DC-23-145

Location
Duval County - District Clerk

Case Category
Civil - Injury or Damage

Case Type
Motor Vehicle Accident

Case Filed Date
10/25/2023

## Parties 2

| Type | Name | Nickname/Alias | Attorneys |
|------|------|----------------|-----------|
| Plaintiff | Johnny Lane | | Jeramie Gertz |
| Defendant | DOLGENCORP OF TEXAS, INC. | | |

## Events 5

| Date | Event | Type | Comments | Documents |
|------|-------|------|----------|-----------|
| 10/25/2023 | Filing | Petition | Plaintiff's Original Petition | 20231020 - POP - Lane.pdf |
| 1/10/2024 | Filing | Request | Process Request Sheet for citation | |
| 1/10/2024 | Filing | Notice | Plaintiff's Notice of Appearance & Designation of Lead Counsel | Pltfs Ntc of Appearance and Designation.PDF |
| 1/18/2024 | Filing | Answer/Response | Defs Original Answer | Def's Original Answer.pdf |
| 1/19/2024 | Filing | No Fee Documents | Return of Service - DOLGENCORP OF TEXAS, INC | Affidavit_DBSSERVED-CITATION_PLAINTIFFS_ORIGINAL_PET-LASCCNDC-23-145-rugRJd7156258.pdf |

© 2024 Tyler Technologies, Inc. | All Rights Reserved
Version: 2023.11.1.93



EMPOWERED BY
TYLER TECHNOLOGIES

# EXHIBIT "3"

KS
1/10/24    **ORIGINAL**

CIT.PS.PROCESS

**CLERK OF THE COURT**
RACHEL S. VELA
P. O. DRAWER 428
SAN DIEGO, TEXAS 78384
**THE STATE OF TEXAS**

**ATTORNEY FOR PETITIONER**
ROBERT M. DAVANT
1201 THIRD ST.
CORPUS CHRISTI, TEXAS 78404

**NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.**

**TO: DOLGENCORP OF TEXAS, INC. WHO MAY BE SERVED BY SERVING ITS REGISTERED AGENT CORPORATION SERVICES COMPANY DBA CSC-LAWYERS INCORPORATING SERVICE COMPANY AT 211 E. 7TH ST. STE 620., AUSTIN, TEXAS 78701**

You are hereby commanded to appear by filing a written answer to the Plaintiff's Original Petition, before ten o'clock A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable District Court 229th Judicial District of Duval County, Texas at the Court House of said County in San Diego, Texas. Said Petition was filed in said court on the _25TH_ day of OCTOBER 2023 in this cause numbered, **DC-23-145** on the docket of said court, and styled:

**JOHNNY LANE**

**VS**

**DOLGENCORP OF TEXAS, INC.**

The nature of Plaintiff's Demand is fully shown by a true and correct copy of PLAINTIFF'S ORIGINAL PETITION AND TRCP 193.7 NOTICE OF SELF-AUTHENTICATION, accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law and the mandates thereof and make due return as the law directs.

Issued and given under my hand and seal of said Court at San Diego, Texas, this the 10TH day of JANUARY, 2024.

Attest: Mrs. Rachel S. Vela, Clerk,
District Court, Duval County Texas.

By: _Emily Bges_____, Deputy.

## RETURN

Came to hand on _____day of _____, 2024, at _____ o'clock _____.M., and executed in _____, County, Texas, by delivering to each of the within-named defendant, in person, a true copy of this Citation, having first endorsed thereon the date of delivery, together with the accompanying true and correct copy of PLAINTIFF'S ORIGINAL PETITION AND TRCP 193.7 NOTICE OF SELF-AUTHENTICATION, accompanying at the following times and places, to-wit:

| NAME | DATE | | | TIME | | | PLACE, COURSE AND DISTANCE FROM COURT HOUSE |
|------|------|---|---|------|------|---|---------------------------------------|
|      | M | D | Y | HR. | MIN. | M |  |
|      |   |   |   |     |      |   |  |

And not executed as to the defendant, _____. The diligence used in finding said defendant, being _____and the cause of failure to execute this process _____ and the information received as to the whereabouts of said defendant, being _____.

**FEES—Serving -------- COPY-----------**    $ _____

      **Total--------------------------**    $ _____

_____**PROCESS SERVER**

_____ **PRINTED NAME**

     **LICENSE No.** _____ **EXP.** _____

## CERTIFICATE OF DELIVERY

I do hereby certify that I delivered to _____,

on the _____ day of _____, 20 _____, at _____ o'clock _____ M. this copy of this instrument.

_____ **PROCESS SERVER**

_____ **PRINTED NAME**

     **LICENSE No.** _____ **EXP.** _____

**SUBCRIBED AND SWORN** to before me, this _____ day of _____, 20____.

_____,

                NOTARY PUBLIC, STATE OF TEXAS

**(SEAL)**        NOTARY'S NAME: _____

                COMMISSION EXPIRES: _____

**FILED** this the _____ day of _____, 20 _____.

Mrs. Rachel S. Vela, Clerk, District Court, Duval County, Texas.

By _____, Deputy



CIT.PS.PROCESS

**CLERK OF THE COURT**
RACHEL S. VELA
P. O. DRAWER 428
SAN DIEGO, TEXAS 78384
**THE STATE OF TEXAS**

**ATTORNEY FOR PETITIONER**
ROBERT M. DAVANT
1201 THIRD ST.
CORPUS CHRISTI, TEXAS 78404

**NOTICE TO DEFENDANT: "You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.**

**TO: DOLGENCORP OF TEXAS, INC. WHO MAY BE SERVED BY SERVING ITS REGISTERED AGENT CORPORATION SERVICES COMPANY DBA CSC-LAWYERS INCORPORATING SERVICE COMPANY AT 211 E. 7TH ST. STE 620., AUSTIN, TEXAS 78701**

You are hereby commanded to appear by filing a written answer to the Plaintiff's Original Petition, before ten o'clock A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable District Court 229th Judicial District of Duval County, Texas at the Court House of said County in San Diego, Texas. Said Petition was filed in said court on the _25TH_ day of OCTOBER 2023 in this cause numbered, **DC-23-145** on the docket of said court, and styled:

**JOHNNY LANE**
**VS**
**DOLGENCORP OF TEXAS, INC.**

The nature of Plaintiff's Demand is fully shown by a true and correct copy of PLAINTIFF'S ORIGINAL PETITION AND TRCP 193.7 NOTICE OF SELF-AUTHENTICATION, accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law and the mandates thereof and make due return as the law directs.

Issued and given under my hand and seal of said Court at San Diego, Texas, this the 10TH day of JANUARY, 2024.



Attest: Mrs. Rachel S. Vela, Clerk,

District Court, Duval County Texas.

By: _Emily Baez_____, Deputy.

## RETURN

Came to hand on _____day of _____, 2024, at _____o'clock
____.M., and executed in _____, County, Texas, by delivering to each of the within-named defendant, in person, a true copy of this Citation, having first endorsed thereon the date of delivery, together with the accompanying true and correct copy of PLAINTIFF'S ORIGINAL PETITION AND TRCP 193.7 NOTICE OF SELF-AUTHENTICATION, accompanying at the following times and places, to-wit:

| NAME | DATE | | | TIME | | | PLACE, COURSE AND DISTANCE FROM COURT HOUSE |
|---|---|---|---|---|---|---|---|
| | M | D | Y | HR. | MIN. | M | |
| | | | | | | | |

And not executed as to the defendant, _____. The diligence used in

finding said defendant, being _____and the cause of

failure to execute this process _____ and the information

received as to the whereabouts of said defendant, being _____.

**FEES—Serving -------- COPY----------**        $ _____

          **Total--------------------------** $ _____

_____**PROCESS SERVER**

_____**PRINTED NAME**

          **LICENSE No.** _____ **EXP.** _____

## CERTIFICATE OF DELIVERY

I do hereby certify that I delivered to _____,

on the _____ day of _____, 20 _____, at _____ o'clock ____ M. this copy of this

instrument.

_____ **PROCESS SERVER**

_____ **PRINTED NAME**

          **LICENSE No.** _____ **EXP.** _____

**SUBCRIBED AND SWORN** to before me, this _____ day of _____, 20___.

_____,

          NOTARY PUBLIC, STATE OF TEXAS

**(SEAL)**          NOTARY'S NAME: _____

          COMMISSION EXPIRES: _____

**FILED** this the _____ day of _____, 20 _____.

Mrs. Rachel S. Vela, Clerk, District Court, Duval County, Texas.

By _____, Deputy

DC-23-145

Duval County - District Clerk

Filed: 10/25/2023 8:38 AM
Rachel Vela,
District Clerk
Duval County, Texas

Bonnie Moreno

CAUSE NO. DC-23-145
_____

| | | |
|---|---|---|
| JOHNNY LANE,<br>*Plaintiff,* | § <br> § <br> § | IN THE DISTRICT COURT |
| vs. | § <br> § | 229th<br>_____ JUDICIAL DISTRICT |
| DOLGENCORP OF TEXAS, INC.<br>*Defendants.* | § <br> § <br> § | DUVAL COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION AND
## TRCP 193.7 NOTICE OF SELF-AUTHENTICATION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES JOHNNY LANE, hereinafter referred to by name or as Plaintiff, and complains of DOLGENCORP OF TEXAS, INC., hereinafter referred to by name or as Defendant, and for cause of action would respectfully show unto the Court as follows:

### I.
### DISCOVERY CONTROL PLAN

1.    Plaintiff intends that discovery be conducted under LEVEL 3 of RULE 190 of the TEXAS RULES OF CIVIL PROCEDURE.

### II.
### PARTIES

2.    Plaintiff JOHNNY LANE is an individual residing in DUVAL County, Texas.

3.    Defendant DOLGENCORP OF TEXAS, INC., is a corporation, is authorized to do business in, and maintains businesses throughout the State of Texas, and can be served through its registered agent for service, Corporation Services Company d/b/a CSC-Lawyers Incorporating Service Company located at 211 E. 7th St., Ste 620, Austin, TX 78701.

## III.
## JURISDICTION & VENUE

**4.**      This Court has jurisdiction over the parties because the amount in controversy is within the jurisdictional limits of this Court. Additionally, this Court has jurisdiction over the parties because Defendant is a Texas resident and/or does business in the State of Texas.

**5.**      Venue is proper in Duval County in this cause pursuant to § 15.002(a)(1) of the CIVIL PRACTICE & REMEDIES CODE because the incident which forms the basis of this lawsuit occurred in Duval County, Texas.

## IV.
## FACTS

**6.**      On or about April 3, 2022, Plaintiff **JOHNNY LANE** was a customer at Defendant **DOLGENCORP OF TEXAS, INC. (DOLLAR GENERAL),** located at 1033 E. Riley St., Freer, Texas. On or about said day Plaintiff **JOHNNY LANE,** a business invitee, was walking around an area that was being mopped by an employee, when he slipped and fell due to a wet spot on the Defendant's floor in in a spot that he thought was far enough away from the area in question, but there were no wet floor signs indicating where that area ended.  As a result of his fall, Plaintiff sustained severe injuries to his body, as more fully set forth below. The unreasonably dangerous condition on Defendant's premises proximately caused Plaintiff's injuries and the need for his subsequent medical treatment.

**7.**      Defendant breached the duty of care they owed to Plaintiff as a business invitee and were negligent in their failure to exercise ordinary care in the safety of Plaintiff. Consequently, Plaintiff was an invitee to whom Defendant owed a duty to use ordinary care, including the duty to protect and safeguard Plaintiff from unreasonably dangerous conditions on the premises, or to warn of their existence. Plaintiff seeks all applicable damages available under Texas law.

# V.
## CAUSES OF ACTION

### A.    *NEGLIGENCE – PREMISES LIABILITY*

8.    Plaintiff alleges that the Defendant, **DOLGENCORP OF TEXAS, INC.,** their agents, servants, and/or employees, who were acting in the course and scope of their employment, were guilty of negligence toward the Plaintiff in the following respects:

      a.   In failing to maintain a reasonably safe premises and allowing a dangerous condition to exist;

      b.   In failing to correct a dangerous condition that they knew existed or in the exercise of reasonable diligence should have discovered; and

      c.   In failing to protect their invitees against known dangerous conditions or conditions that in the exercise of reasonable diligence should have been discovered.

9.    Plaintiff alleges that all of the aforementioned acts and/or omissions on the part of the Defendant, their agents, servants, and/or employees constitutes negligence that were the direct and proximate cause of the injuries and damages sustained by Plaintiff.

# VI.
## DAMAGES

10.    As a direct and proximate result of the incident and the negligent conduct of the Defendant, Plaintiff suffered bodily injuries as reflected in the medical records from the health care providers that have treated those injuries since the incident. The injuries may be permanent in nature. The injuries have had an effect on the Plaintiff's health and well-being. As a further result of the nature and consequences of his injuries, the Plaintiff has suffered and may continue to suffer into the future, physical pain and mental anguish.

11.    As a further result of all of the above, Plaintiff has incurred expenses for his medical care and attention. These expenses were incurred for the necessary care and treatment of injuries

resulting from the incident complained of. The charges are reasonable and were the usual and customary charges made for the services.

12.     As a further result of the injuries sustained by Plaintiff, there is reasonable probability that he will require further medical care and attention and will incur future reasonable and necessary expenses for his medical care and attention.

13.     By reason of all of the above, Plaintiff **JOHNNY LANE** has suffered losses and damages in sum within the jurisdictional limits of this Court for which Plaintiff now sues.

14.     Plaintiff affirmatively pleads that he seeks monetary relief in the maximum amount allowed by the court excluding costs, pre-judgment interest and attorneys' fees.

15.     Plaintiff asserts that the amount of any monetary damages awarded to Plaintiff should be decided by a jury of Plaintiff's peers. However, RULE 47 of the TEXAS RULES OF CIVIL PROCEDURE requires Plaintiff to affirmatively plead the amount of damages sought. Pursuant to RULE 47, Plaintiff seeks monetary relief **OVER TWO-HUNDERED THOUSAND AND 00/100 DOLLARS ($200,000.00) BUT LESS THAN ONE MILLION AND 00/100 ($1,000,000.00)** and a demand for judgment for all the other relief to which Plaintiff is justly entitled at the time of filing this suit, which, with the page of time, may change.

## VII.
## INTEREST

16.     Plaintiff further requests both pre-judgment and post-judgment interest on all damages as allowed by law.

## VIII.
## DEMAND FOR JURY TRIAL

17.     Plaintiff demands a trial by jury. Plaintiff acknowledges payment this date of the required jury fee.

## IX.
## NOTICE OF SELF-AUTHENTICATION

**18.**   Pursuant to RULE 193.7 of the TEXAS RULES OF CIVIL PROCEDURE, Defendant is hereby noticed that the production of any document in response to written discovery authenticates the document for use against that party in any pretrial proceeding or at trial.

## X.
## DESIGNATED E-SERVICE EMAIL ADDRESS

**19.**   The following is the undersigned attorney's designed E-Service email address for all e-served documents and notices, filed and unfiled, pursuant to Tex. R. Civ. P. 21(f)(2) & 21a: litigation@herrmanandherrman.com.  This is the undersigned's only E-Service email address.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff requests that the Defendant be cited to appear and answer, and on final trial hereafter, the Plaintiff has judgment against the Defendant in an amount within the jurisdictional limits of this Court, together with all pre-judgment and post-judgment interest as allowed by law, costs of Court, and for such other and further relief to which Plaintiff may be justly entitled by law and equity, including, but not limited to:

1. Pain and suffering in the past;
2. Pain and suffering in the future;
3. Mental anguish in the past;
4. Mental anguish in the future;
5. Past medical expenses;
6. Future medical expenses;
7. Physical impairment in the past;
8. Physical impairment in the future;
9. Physical disfigurement in the past;
10. Physical disfigurement in the future;
11. Pre-judgment interest; and
12. Post-judgment interest;

Respectfully submitted,

**HERRMAN & HERRMAN, PLLC**
The Herrman Building
1201 Third Street
Corpus Christi, Texas 78404
Ph: (361) 882 4357
Fax: (361) 883-7957
Email: jgertz@herrmanandherrman.com
*E-Service only:*Litigation@herrmanandherrman.com


By:    /s/Jeramie Gertz
       Jeramie Gertz
       State Bar No. 24076958
       **ATTORNEY FOR PLAINTIFF**

A True copy of the original, I certify
the 10th day of January, 2024
Rachel S. Vela
Clerk of the District Court,
Duval County, Texas
By Emily Baz ___, Deputy

EXHIBIT "4"

Filed 1/19/2024 10:39 AM
Rachel Vela,
District Clerk
Duval County, Texas

EMILY BAZAN

# RETURN OF SERVICE

| State of Texas | County of Duval | 229th Judicial District Court |
|---|---|---|

Case Number: DC-23-145

Plaintiff:
**JOHNNY LANE**

vs.

Defendant:
**DOLGENCORP OF TEXAS, INC**

BBW2024000542-2

Received by Andrew Swatzell on the 12th day of January, 2024 at 9:16 am to be served on **DOLGENCORP OF TEXAS, INC. REGISTERED AGENT CORPORATION SERVICES DBA CSC-LAWYERS INCORPORATING SERVICE COMPANY, 211 E. 7TH ST, STE 620, AUSTIN, TX 78701**.

I, Andrew Swatzell, do hereby affirm that on the **16th day of January, 2024** at **12:45 pm, I:**

Served an authorized agent by delivering a true copy of the **CITATION/ PLAINTIFF'S ORIGINAL PETITION AND TRCP 193.7 NOTICE OF SELF-AUTHENTICATION** with the date and hour of service endorsed thereon by me, to: **Neisha Gross** as **Intake Agent** at the address of: **211 E. 7TH ST, STE 620, AUSTIN, Travis County, TX 78701** on behalf of **DOLGENCORP OF TEXAS, INC.**, and informed said person of the contents therein, in compliance with state statutes.

**Description** of Person Served: Age: 30 to 35, Sex: F, Race/Skin Color: Black, Height: 5'4" to 5'6", Weight: 230 to 235, Hair: Dark Brown, Glasses: -

I certify that I am over the age of 18, of sound mind, have no interest in the above action, and I am not a party to the suit. I am an authorized process server, in good standing, in the jurisdiction in which this service was made. The facts stated in this affidavit are within my personal knowledge and are true and correct.

"My name is  Andrew Swatzell  my date of birth is 11/24/1983  and my address is 1108 Lavaca St Suite 110-549
AUSTIN, TX 78701.  I declare under penalty of perjury that the foregoing is true and correct.  Executed in Travis County, State of Texas  on January 18, 2024 by Andrew Swatzell  declarant."

**Andrew Swatzell**
PSC-18592 EXP 09/30/2024

**Pronto Process**
**1406 W Salinas**
**San Antonio, TX 78207**
**(210) 226-7192**

Our Job Serial Number: BBW-2024000542

Copyright © 1992-2024 DreamBuilt Software, Inc. - Process Server's Toolbox V8.2t

Copy from re:SearchTX

**ORIGINAL**

CIT.PS.PROCESS

| | |
|---|---|
| **CLERK OF THE COURT** | **ATTORNEY FOR PETITIONER** |
| RACHEL S. VELA | ROBERT M. DAVANT |
| P. O. DRAWER 428 | 1201 THIRD ST. |
| SAN DIEGO, TEXAS 78384 | CORPUS CHRISTI, TEXAS 78404 |
| **THE STATE OF TEXAS** | |

**NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.**

**TO: DOLGENCORP OF TEXAS, INC. WHO MAY BE SERVED BY SERVING ITS REGISTERED AGENT CORPORATION SERVICES COMPANY DBA CSC-LAWYERS INCORPORATING SERVICE COMPANY AT 211 E. 7TH ST. STE 620., AUSTIN, TEXAS 78701**

You are hereby commanded to appear by filing a written answer to the Plaintiff's Original Petition, before ten o'clock A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable District Court 229th Judicial District of Duval County, Texas at the Court House of said County in San Diego, Texas. Said Petition was filed in said court on the 25TH day of OCTOBER 2023 in this cause numbered, **DC-23-145** on the docket of said court, and styled:

> **JOHNNY LANE**
>
> **VS**
>
> **DOLGENCORP OF TEXAS, INC.**

The nature of Plaintiff's Demand is fully shown by a true and correct copy of PLAINTIFF'S ORIGINAL PETITION AND TRCP 193.7 NOTICE OF SELF-AUTHENTICATION, accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law and the mandates thereof and make due return as the law directs.

Issued and given under my hand and seal of said Court at San Diego, Texas, this the 10TH day of JANUARY, 2024.

Attest: Mrs. Rachel S. Vela, Clerk,

District Court, Duval County Texas.

By: _Emily Blz̄_____ , Deputy.

Copy from re:SearchTX

# RETURN

Came to hand on _____ day of _____, 2024, at _____ o'clock _____.M., and executed in _____, County, Texas, by delivering to each of the within-named defendant, in person, a true copy of this Citation, having first endorsed thereon the date of delivery, together with the accompanying true and correct copy of PLAINTIFF'S ORIGINAL PETITION AND TRCP 193.7 NOTICE OF SELF-AUTHENTICATION, accompanying at the following times and places, to-wit:

| NAME | DATE | | | TIME | | | PLACE, COURSE AND DISTANCE FROM COURT HOUSE |
|------|------|---|---|------|------|---|---|
|  | M | D | Y | HR. | MIN. | M |  |
|  |  |  |  |  |  |  |  |

And not executed as to the defendant, _____. The diligence used in

finding said defendant, being _____ and the cause of

failure to execute this process _____ and the information

received as to the whereabouts of said defendant, being _____.

**FEES—Serving -------- COPY-----------**        **$ _____**

**Total---------------------------- $ _____**

_____**PROCESS SERVER**

_____ **PRINTED NAME**

**LICENSE No. _____  EXP. _____**

## CERTIFICATE OF DELIVERY

I do hereby certify that I delivered to _____,

on the _____ day of _____, 20 _____, at _____ o'clock _____ M. this copy of this

instrument.

_____ **PROCESS SERVER**

_____ **PRINTED NAME**

**LICENSE No. _____  EXP. _____**

**SUBCRIBED AND SWORN** to before me, this _____ day of _____, 20___.

_____,

NOTARY PUBLIC, STATE OF TEXAS

**(SEAL)**          NOTARY'S NAME: _____

COMMISSION EXPIRES: _____

**FILED** this the _____ day of _____, 20 _____.

Mrs. Rachel S. Vela, Clerk, District Court, Duval County, Texas.

By _____, Deputy

Copy from re:SearchTX

EXHIBIT "5"

Filed 1/16/2024 9:24 AM
Rachel Vela,
District Clerk
Duval County, Texas

Bonnie Moreno

## CAUSE NO. DC-23-145

| | | |
|---|---|---|
| **JOHNNY LANE** | § | **IN THE DISTRICT COURT** |
| *Plaintiff,* | § | |
| | § | |
| **vs.** | § | |
| | § | **DUVAL COUNTY, TEXAS** |
| | § | |
| **DOLGENCORP OF TEXAS, INC.** | § | |
| *Defendant.* | § | **229ᵀᴴ JUDICIAL DISTRICT** |

### DEFENDANT DOLGENCORP OF TEXAS, INC.'S ORIGINAL ANSWER, SPECIAL EXCEPTIONS, AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW**, Dolgencorp of Texas, Inc., (hereinafter "Defendant") and files this its Answer, Special Exceptions and Affirmative Defenses to Plaintiff's Original Petition and would respectfully show unto the Court as follows:

### I.  GENERAL DENIAL

1. As authorized by Rule 92, Texas Rules of Civil Procedure, Defendant generally denies each and every, all and singular, the allegations found in Plaintiff's Petition and, since they are allegations of fact, the Plaintiff should be required to prove the allegations asserted against Defendant by a preponderance of the evidence in accordance with the laws of the State of Texas.

### II. SPECIAL EXCEPTIONS

2. Defendant specially excepts to and moves to strike Plaintiff's allegations of "NEGLIGENCE". Although the petition purports to allege negligence as a cause of action against Defendant, Plaintiff fails to show why premise liability allegations are inadequate. The Texas Supreme Court has dictated that **a premises liability claim is Plaintiff's only viable cause of action when Plaintiff alleges injury resulting from a premises condition**. *H.E. Butt Grocery*

*Co. v. Warner*, 845 S.W.2d 258, 259 (Tex. 1992*); Keetch v. Kroger*, 845 S.W.2d 262, 266 (Tex. 1992).

## III. AFFIRMATIVE DEFENSES

3.    Subject to the above pleadings and pleading affirmatively, Defendant respectfully alleges that Plaintiff's recovery of medical expenses must be limited to costs actually paid or incurred by Plaintiff pursuant to TEX. CIV. PRAC. & REM. CODE ANN. §41.0105.

4.    Subject to the above pleadings and pleading affirmatively, Defendant respectfully alleges that Plaintiff's recovery of economic and non-economic damages is limited, pursuant to Tex. Civ. Prac. & Rem. Code. § 41.001, et. seq.

5.    Pleading further, and without waiver of the foregoing, Defendant denies that Plaintiff's injuries and damages, if any, proximately resulted from any act or omission on the part of the Defendant.

6.    Pleading further, and without waiving the foregoing, Plaintiff's injuries and damages, if any, were pre-existing.

7.    Pleading further, and without waiver of the foregoing, Defendant respectfully alleges that the incident complained of in Plaintiff's Petition was caused by the negligence and carelessness on the part of the Plaintiff, and this was the sole cause or at least a proximate cause of the incident made the basis of this lawsuit.

8.    Pleading further, and without waiving the foregoing, Plaintiff's injuries and damages, if any, resulted from new and independent causes unrelated to any conduct of Defendant.

## IV. JURY DEMAND

9.    Defendant demands a trial by jury and submits the appropriate fee.

**WHEREFORE, PREMISES CONSIDERED**, Defendant respectfully prays that Plaintiff take nothing herein, that Defendant be dismissed with its costs, and that Defendant recover costs of Court, and all other and further relief, at law or in equity, to which it may be justly entitled.

Respectfully submitted,

**DORSETT JOHNSON & CISNEROS**

C. Robert Dorsett, Jr.
State Bar No. 24029524
Jessica A. Putonti
State Bar No. 24041295
3503 Wild Cherry Drive, Bldg. 6
Austin, Texas 78738
Telephone:    (512) 600-4365
Facsimile:    (512) 266-3655
E-mail: eservice@dorsettjohnson.com
**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

Pursuant to Texas Rules of Civil Procedure 21 and 21a, a true and correct copy of the foregoing has been served upon all counsel of record, via ProDoc E-Service and Electronic Mail, on this the 18th day of January 2024.

Jeramie Gertz
Herrman & Herrman, PLLC
The Herrman Building
1201 Third Street
Corpus Christi, Texas 78404
Litigation@herrmanandherrman.com
*Attorney for Plaintiff*

C. Robert Dorsett, Jr.

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Heather Weaver on behalf of C. Dorsett, Jr.
Bar No. 24029524
hweaver@dorsettjohnson.com
Envelope ID: 83521020
Filing Code Description: Answer/Response
Filing Description: Defs Original Answer
Status as of 1/18/2024 10:20 AM CST

Associated Case Party: JohnnyLane

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Tyler Churchman | | litigation@herrmanandherrman.com | 1/18/2024 9:24:50 AM | SENT |
| Robert M.Davant | | rdavant@herrmanandherrman.com | 1/18/2024 9:24:50 AM | SENT |
| Ana MLadino | | aladino@herrmanandherrman.com | 1/18/2024 9:24:50 AM | SENT |
| Daphne Aguilar | | daguilar@herrmanandherrman.com | 1/18/2024 9:24:50 AM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Dorsett Dorsett | | eservice@dorsettjohnson.com | 1/18/2024 9:24:50 AM | SENT |
| Jessica Putonti | | jputonti@dorsettjohnson.com | 1/18/2024 9:24:50 AM | SENT |

EXHIBIT "6"

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| **JOHNNY LANE** | § | |
| *Plaintiff,* | § | |
| | § | |
| **vs.** | § | **Cause No.** _____ |
| | § | |
| | § | |
| **DOLGENCORP OF TEXAS, INC.** | § | |
| *Defendant.* | § | |

**LIST OF COUNSEL OF RECORD**

| **Party and Party Type** | **Attorney(s)** |
|---|---|
| Johnny Lane, Plaintiff | Jeramie Gertz<br>Herrman & Herrman, PLLC<br>The Herrman Building<br>1201 Third Street<br>Corpus Christi, Texas 78404<br>Litigation@herrmanandherrman.com |
| Dolgencorp of Texas, Inc., Defendant | C. Robert Dorsett, Jr.<br>Attorney-in-Charge<br>Federal Bar No. 626099<br>State Bar No. 24029524<br>Jessica A. Putonti<br>State Bar No.  24041295<br>Adrienne Stonecypher<br>State Bar No. 24106469<br>3503 Wild Cherry Dr., Bldg. 6<br>Austin, Texas 78738<br>Telephone:     (512) 600-4365<br>Facsimile:     (512) 266-3655<br>E-mail: eservice@dorsettjohnson.com |